Joe Calvert
27830 Kimberly Drive
Yorba Linda, California 92887
1-877-563-9749
mr.calvert@attorneys-counselors.com

Plaintiff, *in properia persona*



Paid
I\S

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOE CALVERT, <br><br> Plaintiff, <br><br> vs. <br><br> NORTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT doing business as or as the representative of FULLERTON COLLEGE and DOES 1-10 inclusive being fictitious names unknown or entities unknown to Plaintiff, <br><br> Defendants. | Case No.: SACV 18-1767-DOC (DFMx) <br><br> **AGE DISCRIMINATION, 29 U.S.C. § 621** <br><br> **RETALIATION 42 U.S.C. § 12203** <br><br> **AGE DISCRIMINATION CAL. GOV. CODE §§ 12941,12926(B)** <br><br> **RETALIATION CAL. GOV. CODE § 12940(H)** <br><br> **FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, OR RETALIATION CAL. GOV. CODE, § 12940(K)** <br><br> **FALSE LIGHT** <br><br> **PROMISSORY FRAUD CAL. CIVIL CODE § 1710 (4)** <br><br> **INTENTIONAL MISREPRESENTATION CAL. CIVIL CODE § 1710(1)** <br><br> **NEGLIGENT HIRING, SUPERVISION, OR RETENTION OF EMPLOYEE** <br><br> **PROMISSORY ESTOPPEL** <br><br> **CONVERSION** <br><br> **COMMON LAW FRAUD** |

## DEMAND FOR TRIAL BY JURY

COMPLAINT - 1

## COMPLAINT

Come now Joe Calvert, an individual for his Complaint states the following as fact except for those items designated as upon information and belief alleges the following:

### Parties

1. Plaintiff is an individual who resides the State of California, County of Orange.

2. Defendant is a person or educational institution located in the State of California, County of Orange. Defendant was an "employer" of plaintiff within the meaning of 42 U.S.C. §§ 2000e et seq. that employs greater than five-hundred people.

### Jurisdiction and Venue

3. Federal jurisdiction is pursuant to 42 U.S.C. § 1983 and The Age Discrimination in Employment Act of 1967 as noticed to the Equal Employment Opportunity Commission and the State of California Department of Fair Employment and Housing, Title VII, 42 U.S.C.A § 2000e-5(f), 28 U.S.C.A. §§ 1331, 1343(4). Claims under Title VII are governed by its venue provision, 42 U.S.C.A § 2000e-5(f))

4. Supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

### FACTS

5. That on or about January 2, 2015 I was hired by the Business and CIS division at Fullerton College to teach Entertainment and Sports Law as an adjunct professor.

6. At the time of hiring, I had approximately fifteen years of experience teaching law, business, and liberal arts courses at various institutions ranging from Syracuse University and The State University of New York to smaller local colleges including holding the position of Faculty Chair at one of those institutions.

COMPLAINT - 2

7. After my initial employment and review of my teaching skills and excellent student reviews I was escalated to teaching three courses (the maximum allowed for an adjunct professor) each semester for both the business department and for the paralegal division, provided with Summer classes, and repeatedly acting as a substitute teacher for the Director of the Paralegal Program and other professors.

8. At Fullerton College I taught a dual-listed (blended) course Real Estate Law (real estate program) and Real Property Law (paralegal program). However, despite that class that constituted a benefit to Fullerton College of six credit hours in teaching two courses, I was only paid for three credit hours.

9. On or about February 15, 2017 I applied for a full-time teaching position in the Real Estate Program, a program in which I was already teaching.

10. I completed the employment application in its entirety and exceeded all of the qualifications for the published position including a Juris Doctor Degree (not required) from an ABA accredited law and a significant amount of real estate legal experience and Century 21 sales training. I am not an attorney admitted to practice in California, nor was that required.

11. On or about April 15, 2017 I was summarily turned down for the position by email and I was never granted an interview.

12. During the application process, I was informed by a member of the employment search committee that there was an open and overt discussion that they would not hire anyone who was old, black, or an attorney.

13. At the time of application, I was older than forty years and I am presently sixty-three years of age.

COMPLAINT - 3

14. On or about May 15, 2017, I filed an oral opposition complaint with the division Dean Douglas Benoit who was a part of the original hiring committee and no investigatory action was taken. The meeting lasted approximately ninety minutes. No reason was given to me for not being selected for an interview by Dean Benoit. I subsequently noticed my opposition complaint to my supervisor Dr. Marcus Wilson in writing after his return to the United States.

15. That no investigation or action was taken to resolve my discrimination opposition until after I filed my discrimination complaint with the United State Equal Employment and Opportunity Commission ("EEOC") and California Department of Fair Employment and Housing ("DFEH").

16. On or about May 28, 2017, I was denied my health insurance benefits.

17. On or about September 20, 2017, I was denied my salary benefits increase that I applied for on August 9, 2017 by electronic mail and received a written receipt from Human Resources employee Vicki McPherson upon application. The notice of their refusal to pay me was after I had started teaching the semester courses.

18. I perceived the refusal to pay me full compensation, refusal of my health insurance benefit, and the failure to investigate my discrimination complaint as a constructive termination because I was still teaching at Fullerton College.

19. I met with my supervisor Dr. Steven Dayton and he informed he had checked with someone in Human Resources whose name is "Beth" who advised him that my application was denied because it was filed late. Then I showed Dr. Dayton the confirmation receipt and application for my salary increase that was filed well before the deadline. No further action was taken by the

COMPLAINT - 4

department despite my offering documentary evidence that the salary-step increase application was timely.

20. I continued to teach all of my classes as scheduled and perform the duties assigned to me with the exception of one sick day in my three years teaching there. I still have several sick days with pay available to me.

21. On or about December 2, 2017 after giving opposition notice orally, in writing to Fullerton College, and to the EEOC, I discovered that I had been removed from the classes promised to me for Spring 2018 despite my "glowing" teaching evaluations. Other teachers however, who had been verbally warned by the Department Coordinator for not teaching the required material, had complaints from students, and did not show up for classes without notice have been repeatedly rehired to teach classes. Moreover, as a frequent substitute for the Paralegal Program Director, Dr. Dayton, several classes were effectively cancelled when he was ill because there was no one available to teach the classes.

22. As noted; no reason was provided to me by Dean Benoit as to why I was not granted an interview when I was already teaching in the program.

23. No reason was given for not allowing me to file for my health insurance benefits other than the date to file had been allegedly changed by a few days without any notice to me. I initially inquired about when I needed to file the paperwork months earlier at the beginning of the semester to insure that I would not miss the deadline.

24. On November 5, 2017, I mailed my combined complaint letter to the DFEH and EEOC complaint. I have been granted the right to sue by both agencies. See attachments.

COMPLAINT - 5

25. After filing my complaint I was advised I would not be teaching the Summer 2018 Legal Environment of Business that I been promised and agreed to by my business supervisor Dr. Marcus Wilson. I had been regularly teaching this course including what turned out to be a two-class size enrollment course that constituted six hours of compensation. Additionally, on such short notice I could not find other work for Summer session 2018.

26. On or about February 27, 2017, I was placed on the Fall 2017 teaching schedule by my paralegal supervisor Dr. Dayton (again noting that I was teaching for two divisions) for the maximum load allowable for adjunct professor of nine credit hours.

27. Within forty-eight hours of being placed on the schedule I was removed for the schedule for all three courses (nine credit hours) by Dean Benoit for which I have documents in support.

28. That upon information and belief from former attorney and my supervisor Dr. Dayton, the action was not only retaliatory, but I was not replaced with any other specific instructors. Additionally, on such short notice I could not find other work for Fall session 2018 because teaching schedules created several months in advance so they can be published in the student catalogs.

29. On March 6, 2018, I registered an independent complaint with the EEOC for additional retaliation at the suggestion of the EEOC intake manager, noting that at that Fullerton College had notice of the pending EEOC complaint yet still removed me for a second and third from the teaching calendar.

30. Fullerton College then requested mediation that proved fruitless.

31. The EEOC quite some time later requested a position statement from Fullerton College on my second retaliation claims.

COMPLAINT - 6

32. Fullerton College in their statement withheld and or edited several pieces of correspondence between me and my supervisors in violation of 18 U.S.C. § 1001( a felony) who were acting on behalf of Fullerton College. The missing or edited documents include but are not limited to:

a. Electronic Mail ("email") of my written opposition notice to my discrimination and retaliation that included a reference to my oral notice months earlier.

b. A written notice that despite the denial of my health benefit and salary increase I would continue to teach my classes.

c. The implication that my classes that were scheduled for Fall 2018 were all cancelled when those classes are *de facto* currently being taught. I was even telephoned by the new instructor Justin Richardson to ask me questions about teaching the real estate class I had previously been teaching. These courses were the dual-listed (blended) courses from the paralegal and real estate programs. Mr. Richardson was prohibited to teach the paralegal students enrolled in that class for a want of qualifications so the school cancelled that portion of the blended classes at the objection of the current program director that ultimately denied the paralegal students the opportunity to register for the class.

d. False statements that I would not meet with Dean Benoit that are contradicted by email notifying Dean Benoit that I had repeatedly tried to see him again about all issues before filing my EEOC and DFEH complaint.

e. A submission of antiquated Union provisions and a new set of Union rules that were to be in place as of the Spring 2018 semester. Upon information and belief, I was required by the Union to be placed on courses for Fall 2018 from which I was removed.

f. The position statement referred to several issues that were not pertinent to the retaliation complaint and upon information and belief were placed in issue to deceive the EEOC investigator, which upon information and belief succeeded. My opinion is the EEOC investigator could not be bothered with my Compliant because he had "140" open cases and outright refused to acknowledge the standards required of investigators.

COMPLAINT - 7

33. That upon a careful reading of the position statement, Fullerton College did not actually respond to my second retaliation complaint in an attempt to avoid liability not only for the retaliation charges but from my additional California State claims that are chronicled in the upcoming paragraphs.

34. That during the course of the hiring process consisting of a search committee of five people confidentiality was not maintained. The members of the Committee led by Douglas Benoit (the Dean) included Steven Dayton, Kathy Standen, Courtney Jane, and Gary Graves. Upon information and belief, no one was disciplined for that breach and the search continued to proceed.

35. I was told by a member of the committee that they would not hire anyone that was black, old or an attorney evidencing an intent to discriminate two protected classes.

36. There were open discussions in front of support staff and possibly students or visitors in the division office about me, my qualifications, and that they were not hiring me that impugn my reputation.

37. That there was an estimated thirty or greater students that complained to the District Office and college President Dr. Greg Schulz in writing because I was no longer on the teaching schedule. Upon information and belief, there was no reply to any student inquiry. Fullerton College took no action to stop or silence the hiring committee or Dean Benoit and their remarks allowing publication of private information about me and the other applicants to become public. I have been advised by one of the other applicants, Laura LeDoux, that she has a current complaint open with the EEOC about the same hiring process because she was over forty years and female. This information was provided to her by different member of the search committee. Ms. LeDoux also informed me that she been in contact with a third denied applicant that has his

COMPLAINT - 8

own dispute open with the EEOC after being denied the position. This applicant is an African American.

38. That upon information and belief when Dr. Dayton placed me on the Fall 2018 teaching schedule that he was ostracized or yelled at in a manner that would be audible to other persons in the division office about me being on the schedule from which I was then removed.

39. During the course of all of these proceedings I informed defendant's Human Resources Department, Specifically, Ms. Irma Ramos, Vice Chancellor of Human Resources, in writing that Dean Benoit was engaging in activities contrary to law and the college policies including but not limited to:

a. Theft of college services in using employees paid by the school (State) to do personal work that only benefitted him while being the employee was being paid by the school.

b. Violations of negotiated union employment contracts regarding office hours of a female member the administrative staff.

c. Repeatedly failing to come to work during the first week of classes.

d. Functionally closing the division off on the first day of classes.

40. I additionally informed Ms. Ramos after a random email of a policy brochure was received by me that the whistleblower policy at Fullerton College was to wit: "exactly the opposite of what they actually do" without any reply because defendant's public statement in pertinent part reads:

"The North Orange County Community College District Board of Trustees approved Board Policy 7700 and Administrative Procedure 7700 "Whistleblower Protection." As legally advised by the Community College League of California, the new policy is intended to address the reporting and investigation of improper governmental activities by District employees, and the protection from retaliation

of those who make those reports. Also approved was the installation of an anonymous fraud hotline for NOCCCD: 1-800-US-FRAUD (1-800-87-37283)."

41. Ms. Ramos to my knowledge took no action to supervise or deter Dean Benoit's behavior. Upon information and belief, Fullerton College knew that Dean Benoit had a history of problems at his former place(s) of employment on a variety of issues. In the alternative, they failed to make the appropriate inquiries into Dean Benoit's employment history before hiring him.

42. During the May 15, 2017 ninety minute meeting with Dr. Benoit I informed him that the two-year program for Paralegal Degrees could not be timely completed on the basis of the schedule and that this sounds in fraud. Many students left the college when they learned they could not complete the program in two years. Additionally, I informed Dr. Benoit that the reports that required for American Bar Association accreditation contained a significant amount of falsified information. There was no response.

43. Fullerton College has a history of alleged fraudulent and discriminatory practices dating back to 1988. Most recently, offering a police training program that was supposed to be sufficient to train police officers but did not complete the task denying future police offers the possibility of employment. This has been a topic in the press and the media and is a matter of public record.

44. That after my opposition complaints and notices about violations by the school and Dean Benoit, I was denied insurance compensation, denied my salary increase, and removed from the teaching schedule for three semesters.

45. At no time was I paid by the defendant between January 2018 and the present and I was not properly compensated for teaching in the Fall semester of 2017. Moreover, upon information and belief in Spring 2017, I was working full-time despite my title as an adjunct professor whereas I was teaching the equivalent of twelve credit hours, teaching a significant number of classes as a

substitute, attending meetings, and being held responsible for writing and administering tests to assess student learning outcomes, yet I was paid without benefits and with less compensation than other employees under the age of 40 years for doing the same work.

46. The defendant is still in possession of funds removed for alleged retirement from my direct deposit payments for which I was never given a pay stub or statement while working at Fullerton College and that those funds have not been returned to the Plaintiff.

47. I currently teach one course at Cerritos College where I have excellent evaluations where I have been teaching for two years. Until my removal at Fullerton College I was teaching concurrently at both colleges without issue and with the knowledge and permission of Steven Dayton.

48. That my income has diminished to the point where I cannot cover the cost of living since my removal from the Fullerton College teaching staff and I estimate my pecuniary loss from the aforementioned actions at $67,313.00 (sixty seven thousand three hundred thirteen and 00/100 dollars).

49. That because of my diminished income I have been under a high level of stress, lost a significant amount of sleep, am frequently irritable, need medications to help me with these issues and their effects prescribed or increased by physicians.

50. Plaintiff Joe Calvert's damages are a result of Fullerton College failure to comply with their own alleged anti-discrimination policy that in pertinent part reads:

> "The policy of the North Orange County Community College District is to provide an
>
> educational, employment, and business environment, including but not limited to, access to
>
> its services, classes, and programs in which no person shall be unlawfully denied full and
>
> equal access to the benefits of, or be unlawfully subjected to discrimination on the basis of

COMPLAINT - 11

ethnic group identification, national origin, religion, age, sex, gender, gender identification, gender expression, race, color, medical condition, genetic information, ancestry, sexual orientation, marital status, physical or mental disability, or military and veteran status, or as otherwise prohibited by state and federal statutes, or because he or she is perceived to have one or more of the foregoing characteristics, or based on association with a person or group with one or more of these actual or perceived characteristics in any program or activity of the District that is administered by, directly funded by, or that receives any financial assistance from the Chancellor or Board of Governors of the California Community Colleges. Discrimination on the basis of sex or gender also includes sexual harassment."

## FIRST CAUSE OF ACTION

### Age Discrimination in Employment, 29 U.S.C. § 621

51. Joe Calvert incorporates by this reference each of the foregoing paragraphs above, as more fully alleged in this complaint with full force and effect.

52. Joe Calvert claims that Fullerton College wrongfully discriminated against him because of his age.

53. That Fullerton College was an employer or other covered entity by Federal and California State Law;

54. That Joe Calvert was an employee of Fullerton College and applied to Fullerton College for a full-time job;

55. That Fullerton College refused to hire or interview Joe Calvert;

56. That Joe Calvert was qualified for the position applied for and properly performing in his current position;

57. That Fullerton College subjected Joe Calvert to adverse employment actions after he gave oral and written opposition notice of the discrimination;

58. That Joe Calvert was constructively discharged;

59. That Joe Calvert was age 40 or older and a member of a protected class at the time of the denial of employment and subsequent retaliatory actions;

60. That Joe Calvert's age was a substantial motivating reason to deny employment;

61. That Joe Calvert's denial of employment and other adverse treatment occurred under circumstances giving rise to an inference of discrimination;

62. That Joe Calvert was harmed; and

63. That Fullerton College's conduct was the cause of the harm.

## SECOND CAUSE OF ACTION

### Retaliation, 42 U.S.C. § 12203

64. Joe Calvert incorporates by this reference each of the foregoing paragraphs above, as more fully alleged in this complaint with full force and effect.

65. That Joe Calvert engaged in a protected activity: "opposition" to discrimination;

66. That materially multiple adverse actions were taken by the employer as chronicled herein; and;

67. That there is a requisite level of causal connection between the protected activity and the materially adverse actions of Fullerton College to Joe Calvert.

## THIRD CAUSE OF ACTION

### Age Discrimination CAL. Gov. Code §§ 12941,12926(b)

68. Joe Calvert incorporates by this reference each of the foregoing paragraphs above, as more fully alleged in this complaint with full force and effect.

69. Joe Calvert claims that Fullerton College wrongfully discriminated against him because of his age whereas:

70. That Fullerton College was an employer;

71. That Joe Calvert, was a part-time employee of Fullerton College, applied to Fullerton College for a full-time job;

72. That Fullerton College refused to hire or interview Joe Calvert;

73. That Joe Calvert was age 40 or older at the time of the application for the full-time teaching position;

COMPLAINT - 13

74. That Joe Calvert's age was a substantial motivating reason for Fullerton College's refusal to hire Joe Calvert;

75. That Joe Calvert was harmed; and

76. That Fullerton College's conduct was a substantial factor in causing Joe Calvert's harm.

## FOURTH CAUSE OF ACTION

### Retaliation Cal. Gov. Code § 12940(h)

77. Joe Calvert incorporates by this reference each of the foregoing paragraphs above, as more fully alleged in this complaint with full force and effect.

78. Joe Calvert claims that Fullerton College retaliated against him for oral and written opposition to discrimination whereas:

79. That Joe Calvert opposed his discrimination;

80. That Fullerton College refused a payment increase, denied his health insurance benefits, and removed him from his teaching position for the entirety of the year 2018;

81. That Fullerton College subjected Joe Calvert to being removed him from his teaching position for the entirety of the year 2018 ;

82. That Joe Calvert was effectively discharged;

83. That Joe Calvert's opposition to discrimination was a substantial motivating reason for Fullerton College to refuse a salary increase, deny his health insurance benefits and remove him from his teaching position for the entirety of the year 2018;

84. That Joe Calvert was harmed; and

85. That Fullerton College's decision to discriminate, refuse a salary increase, deny his health insurance benefits, and remove him from his position for the entirety of the year 2018 and presumably permanently for Joe Calvert was a substantial factor in causing him harm.

## FIFTH CAUSE OF ACTION

### Failure to Prevent Harassment, Discrimination, or Retaliation Cal. Gov. Code, § 12940(k)

86. Joe Calvert incorporates by this reference each of the foregoing paragraphs above, as more fully alleged in this complaint with full force and effect.

87. Joe Calvert claims that Fullerton College failed to take all reasonable steps to prevent retaliation for age discrimination whereas:

COMPLAINT - 14

88. That Joe Calvert was a part-time employee of Fullerton College and applied to Fullerton College for a full-time job that was a person providing professor services;

89. That Joe Calvert was subjected to retaliation in the course of employment;

90. That Fullerton College failed to take all reasonable steps to prevent the retaliation including but not limited to their failure to investigate after receiving oral and written notice;

91. That Joe Calvert was harmed; and

92. That Fullerton College's failure to take all reasonable steps to prevent retaliation was a substantial factor in causing Joe Calvert's harm.

## SIXTH CAUSE OF ACTION
### False Light

93. Joe Calvert incorporates by this reference each of the foregoing paragraphs above, as more fully alleged in this complaint with full force and effect.

94. Joe Calvert claims that Fullerton College violated his right to privacy whereas:

95. That Fullerton College publicized information or material that showed Joe Calvert in a false light;

96. That the false light created by the publication would be highly offensive to a reasonable person in Joe Calvert's position;

97. That there is clear and convincing evidence that Fullerton College knew the publication would create a false impression about Joe Calvert or acted with reckless disregard for the truth;

98. That in the alternative Fullerton College was negligent in determining the truth of the information or whether a false impression would be created by its publication;

99. That Joe Calvert sustained harm and;

100. That Fullerton College's conduct was a substantial factor in causing Joe Calvert's harm.

## SEVENTH CAUSE OF ACTION
### Promissory Fraud  Cal. Civil Code § 1710 (4)

101. Joe Calvert incorporates by this reference each of the foregoing paragraphs above, as more fully alleged in this complaint with full force and effect.

102. Joe Calvert claims he was harmed because Fullerton College made a false promise(s) whereas:

COMPLAINT - 15

103. That Fullerton College made a promise or promises to Joe Calvert of payment increases and health insurance;

104. That Fullerton College did not intend to perform this promise or promises when it was made ;

105. That Fullerton College intended that Joe Calvert rely on the promise or promises;

106. That Joe Calvert reasonably relied on Fullerton College's promise(s);

107. That Fullerton College did not perform the promised act(s);

108. That Joe Calvert was harmed; and

109. That Joe Calvert's reliance on Fullerton College's promise was a substantial factor in causing his harm.

## EIGHTH CAUSE OF ACTION
### Intentional Misrepresentation Cal. Civil Code § 1710(1)

110. Joe Calvert incorporates by this reference each of the foregoing paragraphs above, as more fully alleged in this complaint with full force and effect.

111. Joe Calvert claims that Fullerton College made a false representations that harmed him whereas:

112. That Fullerton College represented to Joe Calvert that several facts alleged herein were true;

113. That Fullerton College's representations were false;

114. That Fullerton College knew that the representations were false when defendant made it, or that Fullerton College made the representation recklessly and without regard for its truth;

115. That Fullerton College intended that Joe Calvert rely on the representations;

116. That Joe Calvert reasonably relied on Fullerton College's representations;

117. That Joe Calvert was harmed; and

118. That Joe Calvert's reliance on Fullerton College's representations were a substantial factor in causing his harm.

## NINTH CAUSE OF ACTION
### Negligent Hiring, Supervision, or Retention of Employee

119. Joe Calvert incorporates by this reference each of the foregoing paragraphs above, as more fully alleged in this complaint with full force and effect.

120. Joe Calvert claims that he was harmed by Douglas Benoit and that Fullerton College and the North Orange County Community College District is responsible for that harm because Fullerton College negligently hired, failed to supervise or negligently supervised, and retained Douglas Benoit.

121. That Fullerton College hired Douglas Benoit;

122. That Douglas Benoit was unfit or incompetent to perform the work for which he was hired;

123. That Fullerton College knew or should have known that Douglas Benoit was unfit or incompetent and that this unfitness or incompetence created a particular risk to others including Fullerton College itself;

124. That Dean Benoit's unfitness or incompetence harmed Joe Calvert; and

125. That Fullerton College's negligence in hiring, supervising, or retaining Douglas Benoit was a substantial factor in causing Joe Calvert's harm.

## TENTH CAUSE OF ACTION
### Negligent Misrepresentation Cal. Civil Code § 1710(2)

126. Joe Calvert incorporates by this reference each of the foregoing paragraphs above, as more fully alleged in this complaint with full force and effect.

127. Joe Calvert was harmed because of Fullerton College negligently misrepresented fact(s). To establish this claim whereas:

128. That Fullerton College represented to Joe Calvert that a fact or facts were true;

129. That Fullerton College's representations were not true;

130. That although Fullerton College may have honestly believed that the representation true, Fullerton College had no reasonable grounds for believing the representation was true when Fullerton College made it;

131. That Fullerton College intended that Joe Calvert rely on the representations;

132. That Joe Calvert reasonably relied on Fullerton College's representations;

133. That Joe Calvert was harmed; and

134. That Joe Calvert's reliance on Fullerton College's representations was a substantial factor in causing Joe Calvert's harm.

## ELEVENTH CAUSE OF ACTION

COMPLAINT - 17

**Promissory Estoppel**

135. Joe Calvert incorporates by this reference each of the foregoing paragraphs above, as more fully alleged in this complaint with full force and effect.

136. That Fullerton College made a misrepresentation or concealment of a material facts to Joe Calvert;

137. That Fullerton College reasonably expected to induce action or forbearance by Joe Calvert. That Fullerton College's misrepresentation or concealment was made with the intent that the Joe Calvert act or refrain from acting;

138. That Fullerton College did induce action or forbearance by the promisee or a third party and that injustice can be avoided only by enforcement of the promise.

## TWELFTH CAUSE OF ACTION

### Conversion

139. Joe Calvert incorporates by this reference each of the foregoing paragraphs above, as more fully alleged in this complaint with full force and effect.

140. That the plaintiff owns or has the right to possess the personal property in question now or at the time of the interference;

141. That the defendant intentionally interfered with the plaintiff's personal property in the form of retirement funds, pay increase and health insurance exercising "dominion and control" over it;

142. That the interference deprived the plaintiff of possession or use of the personal property in question; and

COMPLAINT - 18

143. That the interference caused damages to plaintiff Joe Calvert.

## THIRTEENTH CAUSE OF ACTION

### Common Law Fraud

144. Joe Calvert incorporates by this reference each of the foregoing paragraphs above, as more fully alleged in this complaint with full force and effect.

145. That the defendant made false and fraudulent representations or concealed material facts with the intent to induce the plaintiff to be employed by the defendant;

146. That the defendant made the following affirmative misstatements of fact with the intent to influence the Plaintiff to report actions of discrimination. In reliance on the hereafter-stated misrepresentations, the plaintiff in fact reported discrimination and as a result has suffered damage:

a) "The policy of the North Orange County Community College District is to provide an educational, employment, and business environment, including but not limited to, access to its services, classes, and programs in which no person shall be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination on the basis of ethnic group identification, national origin, religion, age, sex, gender, gender identification, gender expression, race, color, medical condition, genetic information, ancestry, sexual orientation, marital status, physical or mental disability, or military and veteran status, or as otherwise prohibited by state and federal statutes, or because he or she is perceived to have one or more of the foregoing characteristics, or based on association with a person or group with one or more of these actual or perceived characteristics in any program or activity of the District that is administered by, directly funded by, or that receives any financial assistance from the Chancellor or Board of Governors of the California Community Colleges. Discrimination on the basis of sex or gender also includes sexual harassment.

COMPLAINT - 19

**b)** "The North Orange County Community College District Board of Trustees approved Board Policy 7700 and Administrative Procedure 7700 "Whistleblower Protection." As legally advised by the Community College League of California, the new policy is intended to address the reporting and investigation of improper governmental activities by District employees, and the protection from retaliation of those who make those reports. Also approved was the installation of an anonymous fraud hotline for NOCCCD: 1-800-US-FRAUD (1-800-87-37283)."

147. That the defendant knew or should have known the aforestated misrepresentations were false when said defendant made the aforestated misrepresentations to induce plaintiff to report discrimination and retaliation to the defendant;

148. That the plaintiff did in fact rely on the aforestated false representations made by the defendant; and

149. That the plaintiff was damaged by the actions or inactions of the defendant.

## PRAYER FOR RELIEF
**WHEREFORE**, Joe Calvert prays as follows:

1. For legal and actual damages according to proof, including trebled or doubled damages where applicable by law on his causes of action in law and equity for:

AGE DISCRIMINATION, 29 U.S.C. § 621

RETALIATION 42 U.S.C. § 12203

AGE DISCRIMINATION CAL. GOV CODE §§ 12941,12926(B)

RETALIATION CAL. GOV. CODE § 12940(H)

FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, OR RETALIATION CAL. GOV. CODE, § 12940(K)

FALSE LIGHT

PROMISSORY FRAUD  CAL. CIVIL CODE §1710 (4)

INTENTIONAL MISREPRESENTATION CAL. CIVIL CODE SECTION § 1710(1)

NEGLIGENT HIRING, SUPERVISION, OR RETENTION OF EMPLOYEE

COMPLAINT - 20

PROMISSORY ESTOPPEL

CONVERSION

COMMON LAW FRAUD.

2. For exemplary, punitive damages according to the proof and wisdom of this Court;

3. For prejudgment interest as permitted by law;

4. That Joe Calvert recover the costs of his suit including but not limited to fees, costs, disbursements, and statutory attorney's fees;

5. That this Court refer this matter to the United States Department of Justice for investigation and putative prosecution of violations of 18 U.S.C. § 1001 regarding submissions and statements to the EEOC by defendant or defendant's counsel;

6. Enter such other further relief to which Joe Calvert may be entitled as a matter of law or equity, or that the Court determines to be just and proper.


Dated: September 27, 2018

Joe Calvert, *in properia persona*

By:_____

Joe Calvert

COMPLAINT - 21

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Joe Calvert**
**27830 Kimberly Drive**
**Yorba Linda, CA 92887**

From:  **San Diego Local Office**
**555 W. Beech Street**
**Suite 504**
**San Diego, CA 92101**

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **488-2018-00153** | **Bradley Tjalas,**<br>**Investigator** | **(619) 557-7280** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Christopher S. Green,**
**Local Office Director**

6/27/18
(Date Mailed)

cc:  **Michele Landenberger**
**Atkinson, Andelson, Loya, Ruud, & Romo**
**20 Pacifica, Suite 1100**
**Irvine, CA 92618**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Julie Kossick
Director of Human Resources
NORTH ORANGE COMMUNITY COLLEGE
DISTRICT
1830 W. Romneya Drive
Anaheim, CA 92801

EEOC Number:    488-2018-00153C
Case Name:      Joe Calvert v.
                FULLERTON
                COLLEGE
Filing Date:    January 24, 2018

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court.** According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.

DFEH-200-02 (08/16)

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Joe Calvert
27830 Kimberly Drive
Yorba Linda, CA 92887

From: San Diego Local Office
555 W. Beech Street
Suite 504
San Diego, CA 92101

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 488-2018-00502 | Bradley Tjalas, Investigator | (619) 557-7280 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Christopher S. Green,
Local Office Director

9/12/18
(Date Mailed)

Enclosures(s)

cc: Michele Landenberger
Atkinson, Andelson, Loya, Ruud, & Romo
12800 Center Court Drive, Suite 300
Cerritos, CA 90703